Filed 9/11/25  P. v. Pineda CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B337388 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA044236) |
| v. | |
| JOSE PINEDA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Roger T. Ito, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Lauren N. Guber, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant and appellant Jose Pineda (appellant) appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6 (former § 1170.95)[1] without an evidentiary hearing. Because appellant is ineligible for relief as a matter of law, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

I. *Facts*[2]

On the night of August 19, 1997, witnesses saw Joaquin Colin run towards an apartment building and bang on the door to be admitted. Two men pursued him, one with a short-barreled rifle and the other with a handgun. Before shooting and killing the victim, the shooters said something like, "Where are you from, Puto?" The victim died of multiple gunshot wounds. Appellant was apprehended while hiding in a nearby backyard.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no substantive change. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

[2] These facts are drawn from the nonpublished opinion affirming appellant's judgment of conviction. (*People v. Pineda* (May 23, 2001, B141783) [nonpub. opn.].)

II.    *Procedural History*

Appellant was tried and convicted of first degree murder in violation of section 187, subdivision (a).  The jury also found that he personally used a firearm within the meaning of sections 1203.06, subdivision (a)(1) and 12022.5, subdivision (a)(1).  The trial court sentenced appellant to a total sentence of 35 years to life imprisonment.  The judgment of conviction was affirmed on direct appeal.

On August 30, 2023, appellant filed a petition for resentencing under section 1172.6 alleging that he was convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine."  Appellant alleged no facts in support of his petition.

At appellant's request, the trial court appointed the public defender's office to represent him.  Both the People and appellant's counsel filed briefs.  The trial court held a hearing on March 29, 2024.  The trial court "did not read the trial transcripts" but read "the Court of Appeal opinion and the pleadings that were available to the court as part of this case, which included the abstract of judgment, the probation sentencing reports, so forth and so on."  The court found that appellant was not eligible for relief as a matter of law because "[h]e was identified as an actual killer and actual shooter in this case...."  Therefore, the trial court denied the petition without holding an evidentiary hearing.  Appellant's timely appeal followed.

3

## DISCUSSION

I. *Relevant Law*

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) substantively amended sections 188 and 189 to "eliminate[] natural and probable consequences liability for murder as it applies to aiding and abetting, and limit[] the scope of the felony-murder rule. [Citations.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) "Now, a conviction for [murder] requires proof that the defendant (1) was the actual killer (who acted with the requisite express or implied malice), (2) directly aided and abetted the actual killer while acting with the intent to kill, or (3) was a major participant in a felony who acted with reckless indifference to the value of human life. (§§ 188, 189.)" (*People v. Duran* (2022) 84 Cal.App.5th 920, 927.)

Senate Bill 1437 also added what is now section 1172.6, which provides a procedural mechanism for defendants who could not be convicted of murder under the amended laws to petition for retroactive relief. (*Lewis*, *supra*, 11 Cal.5th at p. 959.) Upon the filing of a properly pleaded petition for resentencing, the trial court must conduct a prima facie analysis to determine the defendant's eligibility for relief. (§ 1172.6, subds. (b)(3) & (c); *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*); *Lewis*, *supra*, at pp. 957, 960.) If the petition and record establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition without holding an evidentiary hearing. (§ 1172.6, subd. (c); *Strong*, *supra*, at p. 708.)

II. *Standard of Review*

4

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545 (*Coley*).)

### III. *The Trial Court Did Not Err in Denying the Petition Without Holding an Evidentiary Hearing*

The record of conviction in this case plainly demonstrates that appellant was not convicted of murder under any theory invalidated by Senate Bill 1437. The jury was not instructed on felony murder, aiding and abetting based on the natural and probable consequences doctrine, or any other theory of vicarious liability under which malice could have been imputed to appellant. Rather, the trial court instructed the jury on the elements of murder (CALJIC No. 8.10), first degree murder (CALJIC No. 8.20), and direct aiding and abetting (CALJIC No. 3.01). This makes appellant ineligible for relief under section 1172.6. (See *People v. Cortes* (2022) 75 Cal.App.5th 198, 205 [a petitioner is ineligible for section 1172.6 relief as a matter of law if the jury instructions show that jurors were not instructed on any theory of murder liability that allowed malice to be imputed]; *People v. Daniel* (2020) 57 Cal.App.5th 666, 667 [absence of jury instructions based on any theory of liability affected by Senate Bill 1437 renders petitioner ineligible for relief as a matter of law].)

Moreover, the verdict itself demonstrates that appellant was convicted based upon a finding of express, not imputed, malice. Appellant was convicted of first degree murder. CALJIC No. 8.20 required the jury to find that appellant participated in a "willful, deliberate and premeditated killing with express malice aforethought." CALJIC No. 8.20 also required the jury to find that appellant "weigh[ed] and consider[ed] the question of killing

5

and the reasons for and against such a choice and, having in mind the consequences, [he] decide[d] to and d[id] kill." In the alternative, CALJIC No. 3.01 required the jury to find that appellant aided and abetted the perpetrator with "knowledge of the unlawful purpose of the perpetrator" and "the intent or purpose of committing or encouraging or facilitating the commission of the crime." In other words, direct aiding and abetting requires that "the aider and abettor must know and share the murderous intent of the actual perpetrator." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118.) Therefore, appellant is not eligible for relief under section 1172.6 as a matter of law. (See *People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [petitioner convicted of first degree murder as aider and abettor with intent to kill ineligible for § 1172.6 relief]; *Coley*, *supra*, 77 Cal.App.5th at pp. 547–548 [conviction of second degree murder based on express malice ineligible for § 1172.6 relief].)

Appellant makes a series of arguments, none of which is persuasive. First, appellant suggests that his first degree murder conviction does not render him ineligible for relief under section 1172.6. Specifically, appellant argues that the jury's finding of premeditation "does not establish that appellant personally acted with malice aforethought." However, appellant ignores the plain language of CALJIC No. 8.20 and CALJIC No. 3.01, which required the jury to find that he acted with express malice aforethought. We presume that the jury followed these instructions. (See *People v. Chhoun* (2021) 11 Cal.5th 1, 30.) Similarly, appellant cites *People v. Maldonado* (2023) 87 Cal.App.5th 1257 for the proposition that a defendant could be convicted of first degree murder based upon imputed malice when the murder was perpetrated by means of "lying in wait." Here,

6

unlike the defendant in *Maldonado*, the jury was not instructed on a lying-in-wait theory of first degree murder.  Nor was appellant charged with a special circumstance allegation that the murder was committed by means of lying in wait under section 190.2, subdivision (a)(15).

Second, appellant argues that *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*) compels reversal.  In that case, the trial court gave CALJIC No. 8.31, which instructed the jury that a killing is second degree murder if: (1) the killing resulted from an intentional act; (2) the natural and probable consequences of the act are dangerous to human life; and (3) the act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.  (*Id*. at p. 981.)  The Court of Appeal held that a defendant could be convicted based upon a finding of imputed malice when the trial court gives the standard aiding and abetting instruction (CALJIC No. 3.01) in conjunction with CALJIC No. 8.31 without making clear that the accomplice must personally harbor the mental state of implied malice just like the perpetrator.  (*Id*. at pp. 981–984, citing *People v. Powell* (2021) 63 Cal.App.5th 689, 712–714.)  Here, the court did not give CALJIC No. 8.31.  CALJIC No. 3.01 does not create the same ambiguity in conjunction with CALJIC No. 8.20.  CALJIC No. 8.20 requires "express malice aforethought" and an affirmative decision to kill, and CALJIC No. 3.01 makes clear that an aider and abettor must share that knowledge and intent.

Third, appellant argues that Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, "clarified that a petitioner may be entitled to relief regardless of whether his or her jury was instructed on natural and probable consequences and/or felony murder."  As discussed, appellant was not entitled

to relief because the jury necessarily found that he possessed express malice aforethought.

Finally, appellant argues that the trial court erred finding at the prima facie stage that appellant was the "actual killer" and the "actual shooter" based upon the Court of Appeal opinion affirming the judgment of conviction. We agree with the People that any error is harmless. The record of conviction demonstrates that appellant was ineligible for relief.[3] (See *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1114, 1128 [trial court's reliance on facts stated in an appellate opinion to deny § 1172.6 petition was harmless where the jury's findings "required the trial court to deny the petition at the prima facie stage"].)

---

[3] In reaching this decision, we do not rely on the nonpublished opinion affirming appellant's judgment of conviction or the jury's finding that appellant personally used a firearm within the meaning of sections 1203.06, subdivision (a)(1) and 12022.5, subdivision (a)(1).

## DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED.


GOORVITCH, J.*


We concur:


CHAVEZ, Acting P. J.


RICHARDSON, J.

---

* Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.